HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SAMNANG SOK; SAKHOEUN HING,

    Plaintiffs,

    v.

ALEJANDRO MAYORKAS, SECRETARY OF HOMELAND SECURITY, *et al*.,

    Defendants.

Case No. 22-cv-1195 RAJ

**ORDER ON PARTIES' MOTIONS FOR SUMMARY JUDGMENT**

Before the Court are the motions for summary judgment filed by Plaintiff Samnang Sok and the Federal Defendants ("Defendants"). Dkt. ## 10, 11. For the reasons below, the Court **GRANTS** Defendants' motion and **DENIES** Plaintiff's motion.

## I. BACKGROUND

Plaintiff Samnang Sok challenges the Board of Immigration Appeals' ("BIA") decision to affirm the denial of her Form I-130 Petition for Alien Relative ("Petition"). Sok filed the Petition to classify Eng Pheakdey Sok ("Eng") as her adopted child. Based on its *de novo* review of the record, the BIA found that Sok did not establish by a preponderance of the evidence that she lived with Eng for at least two years in a bona fide parent-child relationship. CAR, at 1-3.

ORDER – 1

Sok raises two claims in this litigation. First, she seeks a writ of mandamus to compel the BIA to follow the standard set in *Matter of Soriano*, 19 I.&N. Dec. 764 (BIA 1988). Compl., ¶ 22. Second, Sok claims that Defendants violated the APA by committing clear administrative error when adjudicating the Petition. Comp., ¶ 24. Sok filed her motion for summary judgment on February 10, 2023. Dkt. # 10. Defendants filed a response and cross-motion for summary judgment on March 10, 2023. Dkt. # 11.

## II.  LEGAL STANDARD

The review of a final agency action is governed by the APA under an "arbitrary and capricious" standard. 5 U.S.C. § 706(2)(A); *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1401 (9th Cir. 1995). In other words, an agency's decision should be overturned if it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *Id*. In evaluating an agency's decision under this standard, "[courts] ask whether the agency 'considered the relevant factors and articulated a rational connection between the facts found and the choice made.' " *Natural Res. Def. Council v. U.S. Dep't of the Interior*, 113 F.3d 1121, 1124 (9th Cir. 1997) (quoting *Pyramid Lake Paiute Tribe of Indians v. U.S. Dep't of the Navy*, 898 F.2d 1410, 1414 (9th Cir. 1990)). The standard is "highly deferential, presuming the agency action to be valid and affirming the agency action if a reasonable basis exists for its decision." *Indep. Acceptance Co. v. California*, 204 F.3d 1247, 1251 (9th Cir. 2000).

Under the APA, the district court's review is usually limited to the administrative record. 5 U.S.C. § 706; *see also Cnty. of Los Angeles v. Shalala*, 192 F.3d 1005, 1011 (D.C. Cir. 1999) (when reviewing final agency action, the district court is not managing a "garden variety civil suit," but rather "sits as an appellate tribunal"). Therefore, the usual "genuine dispute of material fact" standard for summary judgment does not apply in an APA case. Rather, summary judgment functions as a mechanism for determining as a matter of law whether the administrative record supports the agency's decision and whether the agency complied with the APA. *Occidental Eng'g Co. v. INS*, 753 F.2d 766, 769 (9th Cir. 1985).

ORDER – 2

### III.  DISCUSSION

Sok filed the Petition at issue here in March of 2014. CAR, at 212-13. She is a lawful permanent resident of the United States ("LPR") and Cambodian national. Compl., ¶ 5. Eng is her biological nephew who currently lives in Cambodia. By filing the Petition, Sok sought to qualify Eng as her adopted child under section 101(b)(1)(E) of the Immigration and Nationality Act ("INA") to qualify for classification as a child of a LPR under INA § 203(a)(2)(A).

After initially denying the Petition in error, the U.S. Citizenship and Immigration Services ("USCIS") initiated a review of the Petition "to consider whether [Ms. Sok] has established that [Eng] is her child within the meaning of section 101(b)(1)(E) of the Act, 8 U.S.C. § 1101(b)(1)(E)." CAR, at 180. On September 26, 2018, USCIS issued a Request for Evidence on Remand ("RFE") to Sok. CAR, at 169-175. The RFE requested (1) evidence of a valid adoption, and (2) evidence of shared residence and bona fides. The RFE listed various subjects on which Sok needed to submit independent objective evidence to demonstrate that she resided with the beneficiary in a bona fide parent-child relationship for the necessary time. This included 1) where she and Eng lived together; 2) the physical living arrangements of Eng's birth parents while he lived with Ms. Sok; 3) any contact, support, or influence that Eng's birth parents had with him while he lived with Ms. Sok; and 4) Ms. Sok's parental control over Eng while they lived together. CAR, at 171-172. The RFE also noted that the burden of proof to establish the parent-child relationship was clear and convincing because Ms. Sok failed to claim Eng on her Form I-751. *Id*.

On December 21, 2018, Ms. Sok submitted her response to the RFE through counsel. CAR, at 77-159. In support, she submitted documentary evidence to establish Eng's adoption and their bona fide parental-child relationship, including, a statement, a statement from Eng's biological parents, an affidavit from herself, ten other affidavits, Eng's school records and his photo. CAR, at 77-78.

ORDER – 3

After reviewing the evidence submitted by Ms. Sok, USCIS stated that "[t]o date, the only objective evidence that you provided dated prior to October 23, 2010, is a copy of your Family Record Book from the Kingdom of Cambodia dated February 18, 2009." CAR, at 38. Specifically, USCIS found that Ms. Sok failed to provide any independent objective evidence demonstrating (1) where Ms. Sok and Eng lived together; (2) the physical living arrangements of Eng's birth parents during that time; (3) any contact and support or influence by Eng's biological parents. *Id*., at 38-39. USCIS found that "the exact particulars are not clear regarding the living arrangements of [Ms. Sok], [Eng], and the natural parents prior to October 23, 2010, and denied the Petition.

BIA affirmed the denial, noting that USCIS "properly denied this petition as [Ms. Sok] has not established that she resided with [Eng] for at least 2 years in a bona fide parent-child relationship." CAR, at 1-3. For example, the BIA questioned to what extent the Cambodian government confirmed the claimed residences of its citizens regarding the Family Record Book. *Id*., at 3. The BIA further found the affidavits submitted by Ms. Sok to be unpersuasive in that they did not establish the requisite bona fide relationship. *Id*. The BIA also found that the "photographs do not sufficiently establish the requisite parent-child, as opposed to the aunt-nephew, relationship." *Id*.

A.   **Standing**

Defendants first challenge the standing of Sakhoeun Hing, Sok's husband, as a proper party to the litigation. Dkt. # 10 at 10. To have standing to assert a claim, a plaintiff must show (1) injury in fact, (2) causation, and (3) redressability. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992); *Levine v. Vilsack,* 587 F.3d 986, 991-92 (9th Cir. 2009).

In particular, Defendants claim that Hing did not file the Form I-130 at issue. Dkt. # 10 at 10. They also note that Sok stated Eng was not Mr. Hing's child and Hing "did not adopt him on paper." *Id.* (citing CAR, at 27, 83). Sok does not necessarily dispute these facts, but instead argues that Hing's significant contribution financially and his

ORDER – 4

payment of the filing fee should be included for the purposes of accounting for fees. Dkt. # 11.

There is no authority for the proposition that a person has standing to challenge the denial of an immigration petition based on past contributions of financial resources. Hing cannot establish an injury in fact because he was neither the petitioner nor the beneficiary with respect to the petition. *Abboud v. I.N.S.*, 140 F.3d 843 (9th Cir. 1998), superseded by statute as stated by *Spencer Enters., Inc. v. United States*, 345 F.3d 683 (9th Cir. 2003) (finding beneficiary has standing to challenge the denial of a petition for an immigrant visa filed on his behalf by a relative); *cf. Matter of Sano*, 19 I. & N. Dec. 299, 300 (BIA 1985) (stating that only visa petitioner can appeal denial of visa petition). Nor does Plaintiff offer an argument for how Hing meets the requirements for third-party standing. The Court agrees with the Defendants that he lacks an injury in fact and, therefore, lacks standing.

### B.     Plaintiff's claim for mandamus

Sok seeks the remedy of mandamus to compel the BIA to follow the standard set in *Matter of Soriano*, 19 I.&N. Dec. 764 (BIA 1988). Compl., ¶ 22. *Soriano* laid out the following standard: Where a visa petition is denied based on a deficiency of proof, the record will be remanded to allow the Service to consider and address new evidence when certain conditions are met. *Id.* at 766. Specifically, the petitioner must not have been put on notice of the deficiency and given a reasonable opportunity to address it; and the petitioner must proffer additional evidence addressing the deficiency on appeal. Here, Ms. Sok claims that her affidavit was not considered as part of her Petition. She further claims that she was not giving a prior opportunity to respond to the deficiency requiring remand under *Soriano*. Dkt. # 11 at 4.

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. United States*, 426 U.S. 394, 402 (1976). The Mandamus Act allows the Court to "compel an officer or employee of the United States or any agency thereof to

ORDER – 5

perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Such relief is available when: "(1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997). The Court finds that Ms. Sok does not meet the burden for mandamus for several reasons.

First, it is not clear that USCIS or the BIA failed to provide Sok with notice of deficiencies in the evidence. Sok's claim is that the Board failed to consider the affidavit that she originally submitted to USCIS, or the one she submitted on appeal. Dkt. # 11 at 4 ("There is no evidence that the board considered her affidavit in any form"). The record shows that USCIS issued a Request for More Evidence in September 2018, noting certain deficiencies. CAR, at 169-174. USCIS stated that the evidence submitted in support of the Petition failed to provide independent objective evidence of shared residence between the petitioner and the beneficiary, and that several affidavits were deficient because they were either form in nature or signed by multiple individuals. CAR, at 36-40. Thus, the record refutes Sok's claim that she was not put on notice of any deficiencies in the record.

Second, the record doesn't reflect that USCIS found any issues, or failed to initially consider her affidavit. In fact, the USCIS denial expressly discussed the affidavit. CAR, at 38 ("In the affidavit that you submitted in response to the Request for Evidence, you have indicated that you have jointly resided with the beneficiary from 2006-2010."). Thus, the affidavit was part of the record before USCIS, and then subsequently, the record before the BIA. *Id*., at 87-88. While that Board acknowledged that it would not be accepting Sok's affidavit which has been "amended for appeal," the record does not suggest that the initial affidavit was not considered along with the remaining record.

While there is no explicit reference in the BIA decision to Sok's affidavit, the BIA is not required to discuss every piece of evidence in the record. *See Szonyi v. Whitaker*, 915 F.3d 1228, 1238 (9th Cir.), *opinion amended*, 942 F.3d 874 (9th Cir. 2019) ("[T]his

ORDER – 6

court generally presumes that the BIA thoroughly considers all relevant evidence in the record."); *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) ("Contrary to [petitioner's] assertion, we do not require that 'the BIA ... discuss each piece of evidence submitted.' "). Even still, the BIA decision noted that the submitted affidavits were not persuasive in satisfying in showing a bona fide relationship. CAR, at 3 ("While the affidavits support a conclusion that the petition owned a successful Internet Café … the evidence does not persuasively establish the requisite bona fide relationship."). Although the BIA did not specifically reference Sok's original affidavit when referencing the submitted affidavits, she has not made a showing to overcome the presumption that it was not considered with the rest of the record.

Ultimately, the record does not support the assertion that USCIS rejected Ms. Sok's original affidavit as "deficient" such that the standard in *Soriano* applies. Rather, the affidavit was expressly referenced in the USCIS decision, and thus part of the overall record. There is no requirement that the BIA decision reference the affidavit specifically. Finally, the Petition was ultimately adjudicated. In considering the high bar that mandamus requires, Sok has not met the burden for mandamus based on failure to consider her affidavit.

### C. Plaintiff's claim that the BIA used the wrong standard of review

Plaintiff also challenges the BIA decision on the grounds that the BIA used a standard of proof higher than that of a preponderance of the evidence. Dkt. # 11 at 5—10. This Court's review of the legal question of whether the BIA applied an incorrect standard of review adjudicating an I-130 petition (thereby acting "not in accordance with law") is *de novo*. *Zerezghi v. United States Citizenship & Immigration Servs*., 955 F.3d 802, 807 (9th Cir. 2020). Here, the BIA expressly stated that it was reviewing *de novo* and that Petition needed to establish the benefit sought "by the preponderance of the evidence." CAR, at 2.  Agency officials are entitled to a presumption that they discharged their official duties properly and according to the law. *FCC v. Schreiber*, 381 U.S. 279,

ORDER – 7

296 (1965). Without a showing of clear evidence that the official did not act properly or according to the law, courts will apply the presumption of regularity. *United States v. Chem. Foundation, Inc.*, 272 U.S. 1, 14-15 (1926); *Kolhi v. Gonzalez*, 473 F.3d 1061, 1068 (9th Cir. 2007). The Court finds that Plaintiff has not made the showing that the BIA applied the wrong standard.

The crux of Plaintiff's argument is that she provided overwhelming evidence to support the I-130 petition. However, this Court will not overturn an agency determination unless it is arbitrary, capricious, or an abuse of discretion. *FCC*, 556 U.S. at 513. An agency does not violate the arbitrary and capricious standard where it articulates "a rational relationship between its factual findings and its decision." *Fence Creek Cattle Co. v. U.S. Forest Serv.*, 602 F.3d 1125, 1132 (9th Cir. 2010). "The agency's factual findings are reviewed for substantial evidence." *Family Inc. v. USCIS*, 469 F.3d 1313, 1315 (9th Cir. 2006) (citation omitted); *Bear Lake Watch, Inc., v. FERC*, 324 F.3d 1071, 1076 (9th Cir. 2003) (Agency factual determinations cannot be set aside by a district court if they are supported by substantial evidence).

The Court finds that the decision was rationally supported by the BIA's factual findings. Section 101(b)(1)(E)(i) of the INA requires the petitioner to show that she has resided with the beneficiary for at least 2 years in a bona fide parent-child relationship. Residence is generally established by showing that the child lived with the adopting parent "in a familial relationship," and can be proven by evidence of "parental control." 8 C.F.R. § 204.2(d)(2)(vii)(B). Here, the BIA found that the submitted Family Record Book did not demonstrate that the Cambodian government verified the claimed residence of its citizens or Plaintiff's claim that Eng was residing with her "under [her] care." CAR, at 3. The BIA also found that the affidavits were not persuasive in establishing residence between the petitioner and the beneficiary. Upon closer review of the record, none of the numerous affidavits submitted by Sok establish where she and Eng resided from 2006 through 2010, or for how long. CAR, at 91-129. Rather, they mainly express that Sok

ORDER – 8

adopted Eng but otherwise present very little detail. *Id.* The BIA also added that the other evidence did not sufficiently establish a bona fide parent-child relationship, as opposed to an aunt-nephew relationship. *Id.*, at 3.

To the extent that Plaintiff asks this Court to draw different inferences from those reasonably drawn by the BIA, that is not part of this Court's review. The Court may not substitute its judgment for the reasonable judgment of the BIA, even if this Court may have a different view of the evidence. *See Gebhart v. S.E.C.*, 595 F.3d 1034, 1043 (9th Cir. 2010) (reviewing an agency's factual finding to determine if it was supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"). Because the administrative record reflects a rational basis for the BIA's decision, Defendants are entitled to summary judgment on Plaintiff's claim that the decision was arbitrary and capricious and subject to reversal under the APA.

## IV.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motion for Summary Judgment and **DENIES** Plaintiffs' Motion for Summary Judgment. Dkt. # 10, 11. The Clerk is directed to close this case.

DATED this 13th day of September, 2023.

The Honorable Richard A. Jones
United States District Judge

ORDER – 9